```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

AFO IMAGING, INC.,

       Plaintiff,

v.                                  CASE NO:  8:12-cv-996-T-33TGW

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

       Defendant.
_____/


### ORDER

     This cause comes before the Court pursuant to Plaintiff AFO Imaging's Motion to Remand (Doc. # 10), which was filed on June 8, 2012.  Defendant State Farm filed a Response in Opposition to the Motion to Remand (Doc. # 11) on June 22, 2012.  For the reasons that follow, the Motion is granted.

## I. Background

     In this action, Plaintiff, a healthcare provider, sues Defendant, an insurance company, as an assignee of insurance benefits.  The assignors of these benefits are patients who allegedly were insured by Defendant when they received medical treatment from Plaintiff.

     Plaintiff originally filed this suit in the Circuit Court for Hillsborough County, Florida, on October 22, 2008.  (Doc. # 10-1).  On May 13, 2011, Plaintiff filed a First Amended

Complaint in the Circuit Court, again suing as an assignee of certain patients' insurance benefits, although the identities of the particular insured patients differed from the original Complaint. (Doc. # 4). On April 13, 2012, at a hearing on a motion to compel, Plaintiff stated in open court that it would seek "'millions of dollars' in punitive damages" in this action. (Doc. # 11 at 7). Interpreting this statement as the first signal that the case would meet the minimum amount in controversy requirement for diversity jurisdiction, 28 U.S.C. § 1332, Defendant filed a Notice of Removal on May 4, 2012. (Doc. # 1).

Plaintiff filed a Motion to Remand on June 8, 2012, based on Defendant's failure to comply with the timeliness requirement of 28 U.S.C. § 1446(b). (Doc. # 10). Despite having been filed more than thirty days after the Notice of Removal, Plaintiff's Motion to Remand was timely filed in accordance with the Court's Order granting Plaintiff's Motion for Extension of Time to File. (Doc. # 6).

## II. Discussion

"[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "A

2

removing defendant bears the burden of proving proper federal jurisdiction." <u>Leonard v. Enterprise Rent a Car</u>, 279 F.3d 967, 972 (11th Cir. 2002).  The timing of a notice of removal is controlled by 28 U.S.C. § 1446(b);

> In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements . . . may remove the case to federal court within 30 days of receiving such information. No case, however, may be removed from state to federal court based on diversity of citizenship 'more than 1 year after commencement of the action.'

<u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68-69 (1996) (quoting 28 U.S.C. § 1446(b)).

In opposition to Plaintiff's Motion to Remand, Defendant argues that Plaintiff's statement regarding punitive damages at the hearing on April 13, 2012, constituted an "other paper" from which Defendant first ascertained that this case was removable. (Doc. # 11 at 2).  Defendant reasons that, because the Notice of Removal was filed within 30 days of this "other paper," the Notice was timely.  This reasoning is flawed, however, because it assumes the inapplicability of the one-year timeliness requirement in 28 U.S.C. § 1446(b) to the present case.

To avoid the application of the one-year timeliness restriction, Defendant argues that Plaintiff's Amended

3

Complaint, filed on May 13, 2011, "commenced a new and independent action completely distinct from the action asserted in the 2008 complaint." (Doc. # 11 at 3). The Court disagrees.

In both the original Complaint and the First Amended Complaint, Plaintiff sued Defendant as an assignee of a group of patients for claims related to Defendant's alleged obligations pursuant to Fla. Stat. §§ 627.736(1), 627.736(5)(b)5, and 624.155, among others. See Doc. # 10-1 at 2, 4; Doc. # 4 at 2, 3 & 5. Defendant argues that, because the identities of the assignors listed as patients in the First Amended Complaint are not the same as those listed in the initial Complaint, the First Amended Complaint constitutes a new action and thus a new "commencement" from which to measure the one-year removal restriction. (Doc. # 11 at 3). As the following discussion reveals, the relevant law interpreting 28 U.S.C. § 1446(b) indicates otherwise.

"[T]he great weight of the case law overwhelmingly supports this Court's conclusion that 'commencement of the action' under § 1446(b) occurs when the original complaint is filed and that the addition of a new party or claim does not reset the one-year limitation period." Lopez v. Robinson Aviation, Inc., No. 10-60241-CIV-Moore/Simonton, 2010 U.S.

4

Dist. LEXIS 99603, at *10 (S.D. Fla. Apr. 21, 2010).  <u>Lopez</u> further explained that,

> [e]ven when an action includes multiple claims by various plaintiffs against multiple defendants, the commonly understood meaning of the 'commencement of the action' is when the original complaint is filed that sets in motion the resolution of all claims, even though an action often includes the addition of new claims and parties as the action progresses.

<u>Id.</u> at *5.

Since the purpose of the timeliness requirement in 28 U.S.C. § 1446(b) is "to prevent removal late in the proceedings that will cause delay and disruption," permitting removal of a case based on diversity jurisdiction more than three years after the filing of the original Complaint would almost certainly run contrary to Congress's intent in imposing the restriction.  <u>Id.</u> at *9.  In this case, Plaintiff filed the original Complaint on October 22, 2008.  (Doc. # 10-1). Defendant filed a Notice of Removal on May 4, 2012.  (Doc. # 1).  Therefore, Defendant's Notice of Removal is untimely as it was filed more than one year after the commencement of this action.  The Court accordingly grants the Motion to Remand.

**III. <u>Attorney's Fees</u>**

Plaintiff also seeks reasonable attorney's fees and costs under 28 U.S.C. § 1447(c), arguing that Defendant had no reasonable grounds for removing this case to federal court.

(Doc. # 10 at 15).  The Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded [under Section 1447(c)] when the removing party has an objectively reasonable basis for removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 136 (2005).  Although the district court has discretion in awarding such fees, the court should consider "'the desire to deter removals sought for the purpose of prolonging litigation . . . while not undermining Congress' basic decision to afford defendants a right to remove.'"  <u>Bauknight v. Monroe County, Fla.</u>, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting <u>Martin</u>, 546 U.S. at 140).

The Court finds that Defendant had an ultimately unsuccessful, but objectively reasonable, basis for removal. Therefore, the Court declines to award Plaintiff attorney's fees for improper removal.

## IV. <u>Conclusion</u>

Based on the foregoing analysis, the Court has concluded that Defendant's Notice of Removal was untimely.  Therefore, the Court grants the Motion for Remand (Doc. # 10) and orders that this case be remanded to the Circuit Court for Hillsborough County, Florida.  The Court declines to award attorney's fees for improper removal.

Accordingly, it is

6

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Plaintiff's Motion for Remand (Doc. # 10) is **GRANTED.**

(2)   The Clerk is directed to **REMAND** this case to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and thereafter to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>30th</u> day of August, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record